## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        :
EMAD RUSHDIE-AHMED                       :      Jury Trial Demanded
                                        :
                                        :
                    Plaintiff,          :
        v.                              :
                                        :      Civil Action No. 2:22-cv-5030
TRUSTEES OF THE                         :
UNIVERSITY OF PENNSYLVANIA;             :
HEATHER SHARKEY (individually);         :
CHRISTINA FREI (individually);          :
PAUL COBB (individually);               :
JEFFREY KALLBERG (individually),        :                                    :
                                        :
                    Defendants.         :
_____:

Plaintiff, Emad Rushdie-Ahmed by and through his attorneys, Derek Smith Law Group,

PLLC, hereby files the following civil action complaint against Defendants, Trustees of the

University of Pennsylvania, Heather Sharkey, Christina Frei, Paul Cobb, and Jeffrey Kallberg

(collectively "Defendants") for violations of Title VII of the Civil Rights Act of 1964, as codified,

42 U.S.C. §§ 2000e to 20003-17 (amended in 1972, 1978, by the Civil Rights Act of 1991, Pub.

L. No. 102-166) ("Title VII"); the Americans with Disabilities Act, as amended, 42 U.S.C. §12102

et. seq. ("ADA"); the Age Discrimination Employment Act ("ADEA"), the Pennsylvania Human

Relations Act, as amended, 43 P.S. §§ 951, et. seq. ("PHRC"), and the Philadelphia Fair Practices

Ordinance ("PFPO").


### PARTIES

1.      Plaintiff, Emad Rushdie-Ahmed ("Mr. Rushdie-Ahmed" or "Plaintiff") is a 57-

year-old adult male who subscribes to the Muslim faith tradition and resides in the Commonwealth

of Pennsylvania with an address for purposes of correspondence at 4315 Sansom Street, Philadelphia, PA 19104.

2.      Defendant, Trustees of the University of Pennsylvania (hereinafter "Trustees" or "University of Pennsylvania") is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 255 South 36th Street, Philadelphia, PA 19104.

3.      Defendant, University of Pennsylvania is a public agency of the Commonwealth of Pennsylvania Department of Human Services and receives public funding including funding through Medicaid and Medicare.

4.      Defendant, Heather Sharkey (hereinafter "Sharkey"), is employed by the University as a Chair for the Department of Near Eastern Languages and Civilizations.

5.      Defendant, Christina Frei (hereinafter "Frei"), is employed by the University as the Executive Director of Language instruction.

6.      Defendant, Paul Cobb (hereinafter "Cobb"), is employed by the University as a Chair for the Department of Near Eastern Languages and Civilizations.

7.      Defendant, Jeffrey Kallberg (hereinafter "Kallberg"), is employed by the University as an Associate Dean.

8.      At all times relevant to this Civil Defendants were Plaintiff's employer and employed at least 15 employees.

9.      All Defendants together will be collectively identified below as "Defendants."

## JURISDICTION AND VENUE

10.      This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964, the ADEA, the ADA, and Section 1981.  This Court also has supplemental jurisdiction over the Commonwealth Law Causes of Action.

11.      Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in the Philadelphia County in the Commonwealth of Pennsylvania where the discrimination, harassment and hostile work environment complained of occurred.

12.      Around, January 14, 2022, Plaintiff, Emad Rushdie-Ahmed filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.

13.      Plaintiff's Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Relations ("PCHR").

14.      Plaintiff's rights under the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance will be ripe for suit one year after Plaintiff's Charge of Discrimination was dual filed at the PHRC and the PCHR .

15.      Plaintiff includes his claims under the PHRA and the PFPO in his civil action complaint today in the interest of judicial economy, as Plaintiff's rights under these laws will be ripe in approximately 30 days.

16.      Around, September 17, 2022, the EEOC issued and sent a Dismissal and Notice of Rights to Plaintiff which set forth the requirement that Plaintiff file a civil action within ninety (90) days of the Dismissal and Notice of Rights.

17.     This action is hereby commenced within ninety (90) days of the date when Plaintiff received  the Dismissal and Notice of Rights which is dated and was sent September 17, 2022.

## MATERIAL FACTS

18.     Around, June 2003, Plaintiff was hired by Defendant as a Lecturer in Foreign language.

19.     Plaintiff remained employed by Defendants for approximately 19 years.

20.     Plaintiff, Emad Rushdie-Ahmed worked in Defendants' Philadelphia offices located at 255 South 36th Street, Philadelphia, PA 19104.

21.     Upon hire, Plaintiff executed an employment contract with the University for a period of one (1) year. The contract also maintained that decisions regarding whether to renew the contract would take place every two (2) years.

22.     Plaintiff most recently renewed his employment contract with the University in or around June 2017.

23.     Prior to his termination, Plaintiff was employed for approximately nineteen (19) years with the University.

24.     During his employment with the University, Plaintiff maintained an exemplary employee record with specific regard to his work performance and conduct in the workplace.

25.     Plaintiff was recognized by management as an excellent employee who fulfilled all of his job responsibilities and was recognized by management throughout his entire employment for being excellent at his job.

26.     Even in the year of the unlawful discriminatory termination, management and the same employees who subjected Plaintiff to discrimination and harassment in the workplace and terminated Plaintiff recognized Plaintiff has being excellent at his job.

27.     Around, January 21, 2020, Plaintiff attended a meeting with Defendant, Paul Cobb.

28.     During the meeting, Cobb made remarks regarding Plaintiff's age. Specifically, Cobb criticized Plaintiffs work performance and questioned whether Plaintiff was "getting old" in reference to the fact that Plaintiff is fifty-seven (57) years old.

29.     Defendant Paul Cobb continued to subject Plaintiff to discriminatory statements about Plaintiff's age and specifically indicated that a decision to terminate Plaintiff would be made due to age.

30.     Defendants made statements against interest in admitting that the true reason for Plaintiff's termination was age and disability.

31.     Plaintiff was also subjected to discrimination due to Plaintiff's race.

32.     When Plaintiff engaged in protected activity by reporting and opposing the discriminatory conduct and comments including the conduct and comments of Defendant, Pail Cobb, Defendants engaged in retaliation and Plaintiff was terminated from his employment.

33.     Defendant, Cobb continued with his age-based remarks, stating that the Department desired "younger" lecturers" with "more energy." Cobb further expressed that he was seeking to "revitalize" the teaching staff.

34.     Defendant, Cobb specifically stated that Plaintiff's termination was part of the plan to revitalize the teaching staff and Plaintiff was terminated due to disability and age and replaced with a nondisabled employee in their twenties.

35.     Plaintiff, a 57-year-old employee with a disability under the ADA was terminated and replaced with a nondisabled employee in their twenties.

36.     Plaintiff's disability was that Plaintiff suffers from Arthritis, a condition that substantially limited one or more major life activities, including walking, exercising, cleaning, running, sleeping, and other major life activities.

37.     During the same meeting with Defendant Cobb, Plaintiff made a request for a reasonable accommodation for his Arthritis as he was unable to stand for extended periods of time.

38.     Defendants refused to consider any accommodations for Plaintiff's disability.

39.     Defendants refused to engage Plaintiff in an interactive process and would not even discuss ways to accommodate Plaintiff's disability.

40.     Then, Defendants terminated Plaintiff's employment due to disability and age.

41.     There are also facts to give rise to an inference of discriminatory intent due to race and  religion and these facts link Plaintiff's illegal termination to Plaintiff's race and religion.

42.     Following his denial of reasonable accommodations for Plaintiff, Cobb made remarks criticizing Plaintiff for exiting the classroom to pray in accordance with his religious beliefs.

43.     At all times material, Plaintiff subscribed to the Muslim faith tradition.

44.     At the conclusion of the meeting, Defendant, Cobb informed Plaintiff that he would be recommending that the University terminate his employment upon the expiration of his contract.

45.     Defendant Cobb specifically indicated that Plaintiff's termination was due to Plaintiff's age and disability.

46.     Plaintiff performed his job duties with excellence and did not receive any warnings regarding his work performance.

47.     Around, July 30, 2020, Defendant, Cobb wrote a letter to Plaintiff praising his "excellence as a language instructor and all his contributions to the Arabic Program" as well as Plaintiff's "unfailing good sense."

48.     Around, May 24, 2021, Defendant, Cobb informed Plaintiff that he would be recommending that the University terminate his employment  pending the Dean's approval.

49.     Around, June 2021, Defendant, Jeffrey Kallberg, Associate Dean for Arts and Letters, informed Plaintiff that he agreed with the decision to terminate Plaintiff's employment, which was an illegal decision born of discriminatory intent based on Plaintiff's age and disability and based on race and religion and based on retaliation.

50.     Around, July 3, 2021, Plaintiff submitted an appeal to Kallberg, Associate Dean for Arts and Letters; and Steve Fluharty, Dean of the School of Arts and Sciences.

51.     In his appeal, Plaintiff explained that the University had not provided any valid support for their decision to terminate his employment and that he was not given access to any of the documents used in connection with the University's determination.

52.     Plaintiff maintains that due to this asymmetrical access to information, he was unable to defend himself.

53.     Defendants indicates that they had no interest in allowing Plaintiff to continue his employment and Defendants terminated Plaintiff with the intent to terminate due to age and disability and Plaintiff was replaced with a much younger employee in her twenties.

54.     This employee who replaced Plaintiff was not disabled and this was part of Defendants illegal strategy to revitalize the department by getting rid of an employee who gave his career to Defendants for 19 years.

55.     Defendants violated Section 1981, the ADA, the ADEA, and Title VII by engaging in disparate treatment and illegally terminating Plaintiff's employment due to Plaintiff's membership in a protected class.

56.     Defendants also subjected Plaintiff to hostile conduct and comments that interfered with Plaintiff's work environment and subjected Plaintiff to a hostile work environment.

57.     The conduct and comments were severe and pervasive and were made with discriminatory intent based on Plaintiff's membership in a protected class.

58.     Defendants did not have a legitimate basis for terminating his employment.

59.     In his appeal, Plaintiff engaged in protected activity and reported the discrimination and disparate treatment because of his race and Muslim religious beliefs.

60.     Plaintiff also reported that the disparate treatment was due to Plaintiff's age and disability.

61.     Defendants refused to consider Plaintiff's appeal due to Plaintiff's protected activity.

62.     Had Defendants considered the facts and circumstances of Plaintiff's illegal termination, Plaintiff would have easily won the appeal and Plaintiff would not have been terminated.

63.     Around, July 26, 2021, Defendant, Kallberg, denied the appeal and did nothing to address Plaintiff's report of discrimination.

64.     Defendants refused to investigate and initiate corrective action to ameliorate the discrimination and Defendants continue to employee the individual Defendants, who are employees who engaged in discrimination and violated federal, commonwealth, and city laws.

65.     Defendants did not even consider investigating Plaintiff's claims and reports of discrimination.

66.     In response to this denial, Plaintiff filed a grievance with the Faculty Grievance Commission

67.     Around, September 16, 2021, Plaintiff's grievance was denied by the University.

68.     Around, September 22, 2021, Plaintiff met with Defendants Sharkey and Frei seeking an explanation for the decision to terminate Plaintiff's employment.

69.     Defendants Sharkey and Frei echoed the comments made by Defendant, Cobb, stating, that Plaintiff was "getting old" and that the University was looking for someone "more energetic."

70.     Defendants specifically admitted that Plaintiff's termination was due to age and disability.

71.     Plaintiff objected to the discrimination of Defendant, Cobb, Sharkey, Frei, and the University.

72.     Additionally, Plaintiff again requested a reasonable accommodation for his Arthritis.

73.     At all times material, Plaintiff's ability to sit and stand were substantially limited by his Arthritis.

74.     Defendant, Sharkey and Frei flatly denied Plaintiff's request for accommodation with no consideration and with no regard for the ADA, PHRA, and the PFPO.

75.     Around, October 2021, Plaintiff was placed on an administrative leave and replaced with a twenty-three (23) year old individual who possessed fewer qualifications than Plaintiff.

76.     The University refused to allow Plaintiff to complete the final year of his contract has impeded Plaintiff's ability to secure similar employment thereby detrimentally effecting his employment prospects.

77.     The above are just some of the examples of unlawful discrimination, harassment, and retaliation to which the Defendants subjected the Plaintiff on the basis of his race, color, religion, and disability.

78.     Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

79.     At all times material, Plaintiff opposed the discriminatory, harassing and retaliatory conduct of the named Defendants, and made good-faith efforts to take corrective action the through the channels available to him as an employee of Defendant

80.     As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

81.     As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

82.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails.

83.     Plaintiff also suffers future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

84.     Plaintiff has further experienced severe emotional and physical distress.

85.     As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

86.     Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

87.     Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

88.     Defendants discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

89.     Plaintiff claims a practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

90.     Plaintiff claims unlawful termination and requests reinstatement.

**COUNT I**
**UNDER FEDERAL LAW**
**<u>S.C. SECTION 1981</u>**
**(against all named Defendants)**

91.     Plaintiff hereby incorporates all allegations contained in the proceeding paragraphs as fully as if they were set forth at length.

92.     42 USC Section 1981 states in relevant part as follows:

(a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

93.     Plaintiff, as a member of the Muslim race, was discriminated against by Defendants because of her race as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

94.     Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for his opposition to Defendants' unlawful employment practices.

## COUNT II
## DISCRIMINATION UNDER TITLE VII
### (against corporate Defendants only)

95.     Plaintiff, hereby incorporates all allegations contained in the proceeding paragraphs as fully as if they were set forth at length.

96.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race and religion.

97.     SEC. 2000e-2. [Section 703] states as follows:

> (a) Employer practices
> It shall be an unlawful employment practice for an employer -
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

98.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his race, religion, age and disability.

**COUNT III**
**RETALIATION UNDER TITLE VII**
**(against corporate Defendants only)**

99.     Plaintiff, hereby incorporates all allegations contained in the proceeding

paragraphs as fully as if they were set forth at length.

100.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that

it shall be an unlawful employment practice for an employer: "(1) to…discriminate against any of his

employees…because [s]he has opposed any practice made an unlawful employment practice by this

subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an

investigation, proceeding, or hearing under this subchapter."

101.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et

seq. by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of his employment

because of his opposition to and reporting of the unlawful employment practices of Defendants.

102.     Defendants took action against Plaintiff due to Plaintiff's opposition to Defendants'

discrimination and harassment of Plaintiff.  Defendants also took action against Plaintiff due to Plaintiff's

protected activity in reporting and opposing discrimination.

**COUNT IV**
**DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT**
**(against corporate Defendants only)**

103.     Plaintiff, hereby incorporates all allegations contained in the proceeding

paragraphs as fully as if they were set forth at length.

104.     Section 102 of the Americans with Disabilities Act ("ADA") states in relevant

part as follows: (a) GENERAL RULE - No covered entity shall discriminate against a qualified

individual with a disability because of the disability of such individual in regard to job

application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

105.    Plaintiff was capable of performing the duties with or without a reasonable accommodation.

106.    Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

107.    Plaintiff attempted to request reasonable accommodations due to Plaintiff's disability.

108.    Defendant continually, intentionally, and in a discriminatory manner refused to allow Plaintiff to work due to Plaintiff's disabled status.

109.    Defendants subjected Plaintiff to discriminatory conditions due to Plaintiff's disability.

110.    Defendants refused to engage Plaintiff in an interactive process to discuss reasonable accommodations requested.

111.    Defendants' termination of Plaintiff was not based on any medical justification and was discriminatory as to Plaintiff.

112.    Defendant terminated Plaintiff because of his disability.

113.    Such adverse employment action by Defendant were in violation of the ADA.

114.    As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

115.    Plaintiff also claims unlawful retaliation under the ADA for his opposition to Defendant's unlawful employment practice.

116.    Plaintiff makes claims for all damages available under the ADA

**COUNT V**
**<u>RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT</u>**
**(against corporate Defendants only)**

117.    Plaintiff, hereby incorporates all allegations contained in the proceeding paragraphs as fully as if they were set forth at length.

118.    Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

119.    Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter IV, Section 12203, Discrimination [Section 102] states:

   a.    "(a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

   b.    (b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

120.    Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff due to Plaintiff's reports of discrimination and harassment in the workplace.

121.    As such, Plaintiff has been damaged as set forth herein.

## COUNT VI
## DISCRIMINATION UNDER THE AGE
## <u>DISCRIMINATION IN EMPLOYMENT ACT</u>
### (against Corporate Defendants Only)

122.    Plaintiff hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

123.    Section 626 of the ADEA provided it shall be unlawful for an employer:

   i.  to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to their compensation, terms, conditions or privileges of employment, because of such individual's age;

   ii. to limit, segregate, or classify their employees in any way which would deprive or tent to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

   iii. to reduce the wage rate of any employee in order to comply with this chapter.

   iv. It Shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

124.     Defendants engaged in unlawful employment practices prohibited by Section 626 of the ADEA by discriminating against Plaintiff because of his age.

125.     Defendants' age-based comments and conduct were severe and pervasive and occurred on a daily and/or weekly basis so that Plaintiff could not escape the discrimination and harassment in the workplace.

126.     Accordingly, Plaintiff was subjected to a hostile work environment due to Plaintiff's age.

127.     Defendants' conduct was severe in that Defendants engaged in acts of discrimination and harassment sufficient to create a hostile work environment.

128.     Defendants' conduct was pervasive in that Defendants continually subjected Plaintiff to abuse, ridicule, insults, criticism, contempt, and scorn, day after day so that Plaintiff was forced to endure age-based discrimination and harassment in the workplace on a daily and/or weekly basis.

129.     Defendants subjected Plaintiff to disparate treatment by terminating Plaintiff's employment because of his age and unilaterally eliminating Plaintiff's hospital privileges.

**COUNT VII**
**RETALIATION UNDER THE AGE**
**DISCRIMINATION IN EMPLOYMENT ACT**
**(Against Corporate Defendants Only)**

130.     Plaintiff hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

        i.   Section 623 (d) of the ADEA states the following: "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any

individual, or for a labor organization to discriminate against any member

thereof or applicant for membership, because such individual, member or

applicant for membership has opposed any practice made unlawful by this

section, or because such individual, member or application for

membership has made a charge, testified, assisted, or participated in any

manner in an investigation, proceeding, or litigation under this chapter."

131.    Defendants violated Section 623 (d) of the ADEA because Defendants

discriminated against Plaintiff due to Plaintiff's complaints of Defendants' unlawful employment

practices as previously set forth herein.

132.    Plaintiff opposed and/or reported the continual discrimination and harassment in

the workplace and Defendants' conduct continued and ratcheted up.

133.    Moreover, Plaintiff was subjected to disciplinary measures such as counseling and

termination after Plaintiff opposed and/or reported the discrimination and harassment in the

workplace.

**COUNT VIII**
**<u>DISCRIMINATION UNDER STATE LAW</u>**
**(against corporate Defendants only)**

134.    Plaintiff, hereby incorporates all allegations contained in the proceeding

paragraphs as fully as if they were set forth at length.

135.    The PHRA § 955 provides that it shall be an unlawful discriminatory practice:

"(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national

origin or non-job related handicap or disability or the use of a guide or support animal because of

the blindness, deafness or physical handicap of any individual or independent contractor, to

refuse to hire or employ or contract with, or to bar or to discharge from employment such

individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

136.    Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's race, religion, age, and disability.  Defendants also engaged in unlawful discriminatory conduct by discriminating against Plaintiff due to Plaintiff's disability and request for reasonable accommodations.   Defendants refused to provide Plaintiff with reasonable accommodations and did not engage Plaintiff in an interactive process to discuss Plaintiff's requests.

137.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## COUNT IX
## RETALIATION UNDER STATE LAW
### (against all named Defendants)

138.    Plaintiff, hereby incorporates all allegations contained in the proceeding paragraphs as fully as if they were set forth at length.

139.    PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

140.    Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

141.    Specifically, Defendants took action against Plaintiff due to Plaintiff's opposition to Defendants' discrimination and harassment of Plaintiff.  Defendants also took action against Plaintiff due to Plaintiff's requests for reasonable accommodation and reports of unlawful discriminatory conduct due to Plaintiff's disability.

## COUNT X
## DISCRIMINATION UNDER STATE LAW – AIDING AND ABETTING
### (against individual Defendants only and not against corporate Defendants)

142.    Plaintiff hereby incorporates all allegations contained in the proceeding paragraphs as fully as if they were set forth at length.

143.    PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

144.    Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.  Defendants aided and abetting the above discrimination based on Plaintiff's race, religion, age and due to Plaintiff's disability.

**COUNT XI**
**DISCRIMINATION UNDER**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

145.    Plaintiff, hereby incorporates all allegations contained in the proceeding paragraphs as fully as if they were set forth at length.

146.    The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice:  "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

147.    Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's disability, age, race, and religion.

148.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.   Plaintiff claims violations of the Philadelphia Fair Practice Ordnance due to Defendants' discrimination against Plaintiff due to Plaintiff's race, age, religion and disability.

**COUNT XII**
**RETALIATION UNDER THE**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

149.    Plaintiff, hereby incorporates all allegations contained in the proceeding

paragraphs as fully as if they were set forth at length.

150.    The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be

unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or

otherwise penalize, retaliate or discriminate in any manner against any person because he, she or

it has complied with the provisions of this Chapter, exercised his, her or its rights under this

Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any

manner in any investigation, proceeding or hearing hereunder."

151.    Defendants engaged in an unlawful discriminatory practice in violation of

Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff

because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**COUNT XIII**
**DISCRIMINATION UNDER**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE – AIDING AND ABETTING**
**(against individual Defendants only and not against corporate Defendants)**

152.    Plaintiff, hereby incorporates all allegations contained in the proceeding

paragraphs as fully as if they were set forth at length.

153.    The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be

unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce

the doing of any unlawful employment practice or to obstruct or prevent any person from

complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

154.    Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.  The individual Defendants aided and abetting the campaign of discrimination, harassment and retaliation against Plaintiff due to Plaintiff's race, religion, age and disability and in retaliation for Plaintiff opposing said discrimination and harassment in the workplace.

## JURY DEMAND

Plaintiff requests a jury trial on all issued to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**


By:     /s/ Seth D. Carson
          Seth D. Carson, Esquire
          1835 Market Street, Suite 2950
          Philadelphia, Pennsylvania 19103
          Phone: 215.391.4790
          Email: seth@dereksmithlaw.com

DATED: December 16, 2022