IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMAD RUSHDIE-AHMED, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> TRUSTEES OF THE UNIVERSITY OF : <br> PENNSYLVANIA, et al., : <br> : <br> Defendants. : <br> : | Civil Action <br><br> No. 22-5030 |

**MEMORANDUM**

**J. Younge**                                                                                       **May 15, 2024**

## I.     INTRODUCTION

Currently before this Court is Defendants' Motion for Summary Judgment.  (ECF No. 21.)¹  The Court finds this Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, this Motion is Denied.

## II.    FACTUAL BACKGROUND

Plaintiff Emad Rushdie-Ahmed, at the time a 56-year-old Muslim man suffering from arthritis, had been employed by the University of Pennsylvania as an Arabic language lecturer since 2003.  (Complaint ¶¶ 1, 18-19, 35-36, ECF No. 1.)  In 2017, his contract was renewed for another five years.  (Complaint ¶¶ 22; July 1, 2017 Email From Paul Cobb to Plaintiff, ECF No. 21-17.)  On May 24, 2021, Plaintiff was informed that he was being recommended for termination and, in June 2021, a faculty vote against renewing his contract took place, with thirteen votes in favor and one abstention.  (Complaint ¶ 48, ECF No. 1; Defendants' Statement of Undisputed Material Facts (hereinafter "SUMF") ¶¶ 63, 65-69, ECF No. 21-2.)  Plaintiff's

---

¹ When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

1

internal appeal of his termination was denied on July 26, 2021. (Complaint ¶ 63, ECF No. 1.) Following his termination, Plaintiff's Spring 2022 classes were taught by Tarek Elsayed (28) and Mbarek Sryfi (61). (Defendants' SUMF ¶ 112, ECF No. 21-2.) His position as the Arabic Language Coordinator, held until July 2018, was ultimately taken by Radwa El Barouni, who was at least ten years younger than Plaintiff.[2] (Defendants' SUMF ¶¶ 22, 49.)

Plaintiff alleges that his termination process was imbued with personal and discriminatory animus. Plaintiff testified that Defendant Paul Cobb, Chair of the Near Eastern Languages and Civilizations Department, has made discriminatory statements related to Plaintiff's age since January 21, 2020, including that Plaintiff was getting old, that the Department wanted younger, more energetic lecturers, that he wanted to revitalize the Department's teaching staff, and that Plaintiff couldn't move around well in class.[3] (Complaint ¶¶ 27-28, 33, ECF No. 1; Plaintiff's Dep. Tr., at 7:14-8:6, 9:17-10:4, ECF No. 21-3.) He additionally stated that Mr. Cobb objected to him taking breaks from work to pray. (Complaint ¶ 42, ECF No. 1.) Lastly, Plaintiff contends that he requested an accommodation to allow him to sit while teaching due to his arthritis and that this was denied. (Complaint ¶¶ 37-39.) Defendants deny these allegations and further argue that Plaintiff has had arthritis since the beginning of his employment at the University of Pennsylvania, that he has opted, on his own, to sit while teaching prior to and after the alleged conversation with Mr. Cobb, and that Mr. Cobb

---

[2] Ms. El Barouni's age is disputed by the Parties. Defendants assert that Ms. El Barouni was 46 when she started her employment, while Plaintiff contends that she was "much closer to her thirties." *See* Defendants' SUMF ¶ 49; Plaintiff's Response, ECF No. 27, p. 64.

[3] After exhausting his appeal efforts, Plaintiff alleges that he met with Defendants Heather Sharkey and Christina Frei regarding the termination decision and that they both made comments about Plaintiff's age. (Defendants' SUMF ¶ 101, ECF No. 21-2.) Both deny making any such comments. (Defendants' SUMF ¶ 102.) Ms. Frei did not participate in the faculty vote regarding Plaintiff's termination. (Defendants' SUMF ¶¶ 69-70.)

does not remember Plaintiff ever requesting any such accommodation. (Defendants' SUMF ¶¶ 25-27, 58, ECF No. 21-2.)

The termination decision was supported by teaching evaluations conducted by Defendant Christina Frei in 2012, 2016, 2018, and 2021, wherein Ms. Frei criticized and made recommendations to improve Plaintiff's pedagogy and noted that past recommendations hadn't been followed. (Christina Frei's Evaluations, ECF Nos. 21-13 - 21-16.) Though the school's policy requires two evaluators for each review (who are responsible for submitting two of the four required letters within the review process), Ms. Frei evaluation was the only submission during Plaintiff's most recent review ahead of the termination decision. (Paul Cobb's Dep. Tr. at 185:3-185:14, ECF No. 28-1.) Consequently, Plaintiff argues that his termination process violated school policy. (Plaintiff's Response, ECF No. 27, p. 92.) Former Department Chair Richard Zettler, in correspondence with Mr. Cobb, described Ms. Frei as hating Plaintiff and not being a "neutral observer where [Plaintiff] is concerned" and raised concerns about her "overwhelming input" in this decision-making process. (May 25, 2021 Email From Richard Zettler to Paul Cobb, ECF No. 27-17, p. 2.) Defendants assert that Ms. Frei's evaluations were discussed only "in the context of the other materials" and that they additionally considered two evaluation letters from non-Department faculty, student evaluations, and recordings of two of Plaintiff's classes. (Defendants' SUMF ¶¶ 68, 70, ECF No. 21-2.)

Plaintiff filed his Complaint on December 16, 2022, alleging discrimination and retaliation based on age, disability, race, and religion in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (hereinafter "ADA"), the Age Discrimination in Employment Act (hereinafter "ADEA"), the Pennsylvania Human Relations Act (hereinafter "PHRA"), and the Philadelphia Fair Practices Ordinance § 9-1103(1),

3

and aiding and abetting the same.  *See* ECF No. 1.  Defendants filed their Motion for Summary Judgment on February 27, 2024.  (ECF No. 21.)

### III.    LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012).  To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008).  A material fact is one that "might affect the outcome of the suit under the governing law[.]"  *Anderson*, 477 U.S. at 248.  A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party."  *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact.  *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016).  When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case."  *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013).  If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial."  *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for

trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

**IV.     DISCUSSION**

Both the ADEA and the PHRA protect employees over the age of forty from termination based on their age. 29 U.S.C. §§ 623(a), 631(a); 43 Pa. Const. Stat. Ann. §§ 951, *et seq.*; *see also Fasold v. Justice*, 409 F.3d 178, 183-84 (3d Cir. 2005) (finding the two statutes analogous and that the *McDonnell Douglas* framework is appropriately applied to both). A successful age discrimination action requires the plaintiff to prove that age was the but-for cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009). This can be proven through direct or circumstantial evidence. *McNulty v. Citadel Broad. Co.*, 58 F. App'x 556, 562 (3d Cir. 2003). Here, the only direct evidence Plaintiff offers is his own testimony regarding the discriminatory comments allegedly made by Mr. Cobb and Defendant Heather Sharkey, two of the thirteen faculty members that voted in favor of Plaintiff's termination. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 230 (1989) (requiring direct evidence that the decisionmaker "placed substantial negative reliance on an illegitimate criterion"). Absent direct evidence, courts will apply the *McDonnell Douglas* burden-shifting framework. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).

Under the *McDonell Douglas* framework, the plaintiff employee must first make out a *prima facie* case of discrimination, after which the burden shifts to the defendant employer to show a legitimate, nondiscriminatory reason for the adverse employment decision, and, finally, the plaintiff has the burden of showing that that reason was pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A *prima facie* case of age discrimination based on disparate treatment requires the plaintiff to prove that (1) they are at least forty years old; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were ultimately replaced by an "employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015).

While it is undisputed that the first and third prongs of a *prima facie* case of age discrimination have been met, the Parties disagree as to whether Plaintiff was qualified to remain in his position and whether he was replaced by a sufficiently younger employee. Defendants contend that the reason for Plaintiff's termination was precisely because he was no longer qualified for the position: in communicating the faculty's decision to vote to terminate Plaintiff, Defendant Dean Jeffrey Kallberg stated that there were "doubts about the quality of [his] Arabic teaching" and his ability to "attract students to classes . . . [or] train them to a level where they could begin to reach language competency," a "lack of demonstrable effort towards improving teaching methods," "absenteeism," and poor student evaluations. (Correspondence From Dean Kallberg to Plaintiff, ECF No. 21-24, pp. 5-6.) Defendants additionally contend that there is insufficient evidence of age discrimination, because the vast majority of the Department faculty members are in the protected age group and the ages of Plaintiff's replacements as a lecturer – Tarek Elsayed (28) and Mbarek Sryfi (61) – and as the Arabic Language Coordinator – Radwa

El Barouni (46) – are not young enough to create an inference of age discrimination. (Defendants' SUMF ¶¶ 49, 112, 116, ECF No. 21-2.)  These disputes would be more appropriately addressed by a jury, particularly because of the alleged discriminatory comments and improper termination process.

Plaintiff has additionally brought forth facts sufficient for a reasonable juror to disbelieve the proffered legitimate, nondiscriminatory reason for his termination.  The employer has a "relatively light" burden when presenting a legitimate, nondiscriminatory reason for termination, requiring only that it introduces evidence which, if accepted as true, would "permit the conclusion that there was a nondiscriminatory reason" for the adverse employment action. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).  The burden then shifts to the plaintiff to show that this legitimate, nondiscriminatory reason serves as a pretext for intentional discrimination.  *McDonnell Douglas*, 411 U.S. at 804.  At the summary judgment stage, it is plaintiff's burden at this third step of the *McDonnell Douglas* framework to point "to some evidence, direct or circumstantial, from which a factfinder would reasonably either:  (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes*, 32 F.3d at 764.

Where "the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose," summary judgment is inappropriate.  *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000).  This can be shown by "such weaknesses, implausibilities . . . or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Fuentes*, 32 F.3d 759 at 765.  Here, the apparent presence of personal

7

bias in the process, the failure to fully comply with the Department's policies regarding termination, and Defendants' alleged discriminatory comments regarding Plaintiff's age are sufficient for a reasonable juror to potentially disbelieve the proffered explanation.  As the Court has identified remaining issues of fact precluding summary judgment as to Plaintiff's age discrimination claim, and because these issues overlap with Plaintiff's other claims, the Court finds summary judgment premature.

**V.     CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is Denied. An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**