# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMAD RUSHDIE-AHMED, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, et al., | : | NO. 22-5030 |
| Defendants. | : | |

## ORDER

AND NOW, this 4th day of June, 2024, upon consideration of Defendants' Motion for Reconsideration (ECF No. 32), it is hereby **ORDERED** that said Motion is **DENIED**.[1]

**IT IS SO ORDERED**.

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

[1] On December 16, 2022, Plaintiff Emad Rushdie-Ahmed, a longtime Arabic language lecturer at the University of Pennsylvania whose contract was not renewed, filed a Complaint alleging discrimination and retaliation based on age, disability, race, and religion in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Pennsylvania Human Relations Act, and the Philadelphia Fair Practices Ordinance § 9-1103(1), and aiding and abetting the same. *See* ECF No. 1. Defendants filed their Motion for Summary Judgment on February 27, 2024. (ECF No. 21.) This Court denied summary judgment on May 15, 2024. (ECF Nos. 30 & 31.) On May 24, 2024, Defendants filed a Motion for Reconsideration. (ECF No. 32.)

The Third Circuit has held that "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D. Pa. Nov. 25, 1994). A motion for reconsideration "is an extraordinary remedy to be employed sparingly." *Ehrheart v. Pfaltzgraff Factory Stores, Inc.*, 498 F. Supp. 2d 753, 756-57 (E.D. Pa. 2007). The motion can only be granted if the movant demonstrates "(1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is need to correct a clear error of law or fact or to prevent a manifest

injustice." *Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 481 (E.D. Pa. 2019) (citing *Max's Seafood Café by Lou-Ann Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. Sep. 2, 1993).

A motion for reconsideration is not "a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court," or "to express disagreement with the Court's rulings." *United States v. Stevenson*, No. 16-0189, 2019 WL 4918734, at *1 (W.D. Pa. Oct. 4, 2019). Instead, "such motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue." *United States v. Perminter*, 2012 WL 642530, at *3 (W.D. Pa. Feb. 28, 2012). Put simply, it is "improper on a motion for reconsideration to 'ask the Court to rethink what [it] had already thought through – rightly or wrongly.'" *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Here, the Court found that there remained genuine disputes of material fact regarding Plaintiff's termination that precluded summary judgment. Specifically, the Court pointed to disputes regarding whether Defendants violated the school's termination policy in making the decision to terminate Plaintiff, whether Plaintiff was qualified for his position, and whether Defendants made discriminatory, age-related comments during discussions about Plaintiff's employment and the department at large that suggested a discriminatory motive for his termination. *See* Memorandum Denying Defendants' Motion for Summary Judgment, ECF No. 30. The Court determined that these questions are more appropriate for a jury. Furthermore, given the overlapping factual issues in Plaintiff's related claims, the Court determined, in its discretion, that summary judgment was premature. Defendants contend that Plaintiff has failed to make out a *prima facie* case of age discrimination and could not show that the concerns about the quality of his teaching served as a pretextual reason for his termination; however, the Court has already considered these claims, and the relative credibility of the parties' proffered facts, and has not been presented with new evidence or law that would demand the grant of summary judgment in this case. As such, the Court declines to disturb its prior ruling, and the Defendants' Motion for Reconsideration is Denied.